Chief Judge Breitel (dissenting).
The stipulation of settlement, which in law constituted an enforceable contract, provided, in relevant part: “John M. Bess is the beneficial owner of the common stock of Timber Point Country Club, which stock shall be transferred to John M. Bess as receiver and trustee of Great River Country Club Associates by the present recorded owners of said stock.” Given the history of this protracted litigation, none of the trial testimony is entitled to be accorded much credibility, even assuming, dubiously, that the disputed provision in the stipulation warranted explanation by parol evidence.
The stipulation was drafted by lawyers, and it must be assumed that the lawyers used words of art as they are understood in common legal usage. The agreement provided for transfer to Bess “as receiver and trustee”. Had the drafters intended that Great River’s interest in the stock be terminated upon payment by Bess of whatever was owed as a result of the accounting, they could easily have so provided. They did not. Despite the unsatisfactory and contradictory explanations as to why an escrow was not used, an escrow would not necessarily have impaired Bess’ freedom to use the stock for *972 permissible purposes. An escrow can be conditioned, and conditioned escrows are exceedingly common.
Moreover, the provision suffers from no inconsistency requiring excision or rejection of any words or clauses. Instead, the clause relied upon by defendants—"John M. Bess is the beneficial owner of the common stock of Timber Point Country Club”—obviously was intended only to distinguish Bess’ interest from the record ownership of the stock by Bess’ son and his friend.
Accordingly, I dissent and vote to affirm.
Judges Jasen, Gabrielli, Jones and Wachtler concur in memorandum; Chief Judge Breitel dissents and votes to affirm on both appeals in a separate opinion in which Judges Fuchsberg and Cooke concur.
On defendants’ appeal: Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs to defendants, and the order of Supreme Court, Suffolk County, dated October 8, 1974 reinstated.
On plaintiff’s cross appeal: Order, insofar as appealed from, affirmed, with costs. Question certified, insofar as applicable to plaintiff’s appeal, answered in the affirmative.